588 July 15, 2026 No. 682

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TOBEY TERRELL JOHNSON,
aka Tobey Johnson, aka Tobey T. Johnson,
aka Toby T. Johnson,
aka Tony Mike Johnson,
*Defendant-Appellant.*

Multnomah County Circuit Court
23CR52147; A185246

Judith H. Matarazzo, Judge.

Submitted June 16, 2026.

Mark J. Kimbrell filed the briefs for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Interim Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

KISTLER, S. J.

Affirmed.

**KISTLER, S. J.**

Defendant appeals a judgment of conviction for attempted first-degree assault and second-degree assault. On appeal, he argues that the prosecutor's closing argument impermissibly shifted the burden of proof to him and that the trial court plainly erred in failing to declare a mistrial. Additionally, he argues that the trial court plainly erred when it based an upward departure sentence, in part, on a factor that a trier of fact had not found beyond a reasonable doubt. We affirm.

*Failure to declare a mistrial.* The victim was stabbed three times as she stood outside the Blanchet House in Old Town Portland. The primary dispute at trial was whether defendant was the person who had stabbed her and whether, if he were, he had used a knife or some other weapon. At trial, the victim and several eyewitnesses identified defendant as the assailant, and they testified that defendant appeared to have used a knife. On cross-examination, defendant sought to identify inconsistencies in the witnesses' testimony.

During his closing argument, defense counsel focused on inconsistencies in the witnesses' testimony and argued that the state had failed to prove its case beyond a reasonable doubt. In her rebuttal argument, the prosecutor disagreed that the state had not proved its case. She then added:

"[Defense counsel] is asking you to speculate. He's asking you to say, 'We don't know' [whether the assailant used a knife to stab the victim]. So what if it—if it was glass [rather than a knife]? What if it was a samurai sword? What if it was something else? You are not allowed to speculate. You have to look at the evidence that you have on the record. You are allowed to make inferences, but you can't say, what if something else happened? And that's what [the defense counsel is] asking you to do.

"The evidence on this record, there's no evidence that it was anybody else. There's no—there's only evidence that there was a stabbing, that [the victim] was injured badly from the stabbing, and [the victim] told you that she turned around and immediately was attacked by [defendant]."

Defendant did not object to the prosecutor's argument.

On appeal, defendant argues that the prosecutor's rebuttal argument impermissibly shifted the burden of proof to him and that the trial court plainly erred in not granting a mistrial. *See State v. Chitwood*, 370 Or 305, 518 P3d 903 (2022) (considering an unpreserved challenge to a prosecutor's closing argument). As we understand defendant's argument, it focuses on the prosecutor's statement that "there's no evidence that * * * anyone else" stabbed the victim, which he argues implied that he had the burden to prove someone else had stabbed the victim. The state responds that the prosecutor's argument was simply another way of saying that the evidence before the jury proved beyond a reasonable doubt that defendant was the person who assaulted the victim with a knife, or so the jury reasonably could have understood.

The line between those two positions is a fine one. We need not decide, however, whether the prosecutor's argument crossed that line. *Cf. State v. Perez*, 373 Or 591, 607, 568 P3d 940 (2025) (defining when a party's argument will rise to the level of plain error). Even if it did, the trial court could have cured any error by reminding the jury that the state bears the burden of production and persuasion in a criminal case and that, if the state does not prove the elements of a crime beyond a reasonable doubt, the jury must acquit. For that reason, any error was not so prejudicial that, under *Chitwood*, it requires reversal. *See State v. Smith*, 334 Or App 89, 95, 554 P3d 817 (2024), *rev den*, 374 Or 143 (2025) (holding that the prosecutor's improper statements did not deny the defendant a fair trial).

*Reliance on an unproven departure factor.* Based on defendant's criminal history and the seriousness of his second-degree assault conviction, his presumptive sentence for second-degree assault was 70 months. *Cf. State v. Speedis*, 350 Or 424, 427, 256 P3d 1061 (2011) (discussing presumptive sentences and departure factors). As a matter of both state law and due process, the trial court could impose a longer sentence only if, after adequate notice, a trier of fact found beyond a reasonable doubt (or defendant stipulated to) one or more aggravating circumstances that provided a substantial and compelling reason for imposing an upward

departure sentence. *See id.* at 429 (state law); *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000) (due process).

In this case, the state alleged that four aggravating circumstances, either individually or collectively, warranted an upward departure. Defendant stipulated to one aggravating circumstance (that he committed the assault while on supervision), and the state agreed that it would not rely on the other three aggravating circumstances it had alleged. The dispute in this case arises because the trial court's oral ruling imposing an upward departure sentence relied on the stipulated aggravating circumstance (on supervision) and another unproven aggravating circumstance (persistent involvement in other crimes). The court stated:

> "I will order an upward departure sentence because there is a substantial and compelling reason to do that based on the fact that [defendant] was on supervision at the time *** these crimes occurred. And also because it is—the length and the nature of his past assaultive behavior for which he has at least three or four convictions in his past, as well as some other convictions that are—appear to be violence related. *** So based on those reasons, I think it's appropriate to depart upward to the maximum that can be imposed, which is a total of 120 months."

Defendant did not object to the court's stated reasons for imposing an upward departure sentence.

On appeal, defendant does not dispute that, if the trial court had relied only on the stipulated aggravating circumstance (on supervision), it would not have erred in imposing a 120-month sentence on the second-degree assault conviction. He contends, however, that the court plainly erred in basing its departure sentence collectively on the stipulated aggravating circumstance and on an aggravating circumstance that had not been proven beyond a reasonable doubt. *See State v. Davilla*, 280 Or App 43, 65, 380 P3d 1003 (2016). The state responds that, as long as the court found one valid aggravating circumstance, it permissibly could consider other aggravating circumstances that have not been proved beyond a reasonable doubt in deciding whether and how much to depart. In making that argument, the state notes

that we held otherwise in *State v. Dearmitt*, 338 Or App 419, 433-35, 567 P3d 457, *modified on recons*, 342 Or App 76, 575 P3d 1051 (2025), but it contends that *Dearmitt* is incorrect and should not be followed.

Given those arguments, we think the state faces an uphill battle. There is, however, a more straightforward answer. The trial court's judgment states a narrower basis for imposing the departure sentence than its oral ruling did. The judgment states:

> "The court finds substantial and compelling reason for an Upward Durational Departure, as stated on the record. This departure is pursuant to the following aggravating or mitigating factor(s):
>
> "On supervision at [the] time of [the] crime (primary charge)."

Unlike its oral ruling, the court's written ruling imposing a departure sentence is based solely on the stipulated aggravating circumstance. Although defendant argues that the phrase "as stated on the record" incorporates the court's oral ruling by reference, the court's written judgment expressly refers only to the stipulated aggravating circumstance (on supervision) as the basis for its upward departure sentence. The judgment controls over an inconsistent oral ruling. *See State v. Ashley*, 136 Or App 393, 396, 902 P2d 123 (1995); *State v. Rood*, 129 Or App 422, 425-26, 879 P2d 886 (1994). Given the trial court's judgment, there was no error, much less a plain one.

Affirmed.